IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| READY TRANSPORTATION, INC., a Texas corporation, AVAILABLE SHIPPERS, INC., a Texas corporation, PREFERRED SHIPPERS, INC., a Nevada corporation, PROMPT SHIPPERS, INC., a Texas corporation, and QUICK TRANSPORTATION, INC., a Nevada corporation,<br><br>               Plaintiffs,<br><br>   v.<br><br>AAR MANUFACTURING, INC., a California corporation, AAR MOBILITY SYSTEMS, a corporation of unknown citizenship, JEANNE LANGNESSER, an individual, DEFENSE CONTRACT MANAGEMENT AGENCY, an agency of the United States Government, and DEPARTMENT OF DEFENSE, an agency of the United States Government,<br><br>               Defendants.** | 02:06-cv-1053-GEB-KJM<br><br>ORDER* |

---

    * These motions were determined to be suitable for decision without oral argument. L.R. 78-230(h).

    ** The caption has been modified to correct an apparent typographical error. The Complaint names PREFERRED SHIPPERS, INC., as a plaintiff in this action, but the captions used by the parties refer to this plaintiff as "PREFERRED SHIPPERS, INC, INC." The extra "INC" has been deleted, and the parties shall incorporate this correction in all future filings.

Defendants AAR Manufacturing, Inc., AAR Mobility Systems, and Jean Langnesser (collectively referred to as "Defendants") move to dismiss Plaintiffs' claims against Jean Langnesser ("Langnesser") for lack of personal jurisdiction, to dismiss Plaintiffs' claim under the California Business and Professions Code section 17200 et seq. for failure to state a claim, and for an order transferring this action to the Western District of Michigan under 28 U.S.C. § 1404(a) ("section 1404(a)").  Plaintiffs oppose the motions.

## BACKGROUND

Plaintiffs, individual interstate carriers, are a group of family-owned companies headquartered in Stockton, California, and operating out of terminals throughout the United States.  (Compl. ¶¶ 1-6.)  Defendants AAR Manufacturing, Inc., and AAR Mobility Systems (collectively referred to as "AAR") design and manufacture products for the United States Department of Defense ("DOD").  (Id. ¶ 9.) Langnesser is an employee of AAR.  (Id. ¶ 10.)  AAR has a facility located in California, but its shipments of freight from its manufacturing facility in Cadillac, Michigan, are the focus of this action. (Id. ¶¶ 8, 15-27.)

According to Plaintiffs, federal regulations require AAR "to ship freight [originating from its Cadillac, Michigan, facility to the DOD] with the lowest cost carriers . . . ."  (Id. ¶ 9.)  Plaintiffs allege Defendants—specifically Langnesser—violated these regulations by skipping over Plaintiffs and using higher-priced carriers for shipments to the DOD.  (Id. ¶¶ 10, 15-27.)  Plaintiffs further allege that these higher-priced carriers previously subcontracted with Plaintiffs to make shipments to the DOD, but have stopped doing so

since Langnesser informed them they would be "blackballed" like Plaintiffs if they continued.  (Id. ¶¶ 19-27.)

Based on the above allegations, Plaintiffs assert claims for intentional interference with contractual relations, intentional interference with prospective economic advantage, and unlawful business practice under the California Business and Professions Code section 17200 et seq. (the "UCL claim") against AAR and Langnesser.

## DISCUSSION

I.   Motion to Dismiss for Lack of Personal Jurisdiction

Langnesser argues Plaintiffs' claims against her should be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. Plaintiffs respond that the Court may exercise personal jurisdiction over Langnesser under the "effects test" announced in Calder v. Jones, 465 U.S. 783 (1984).

Plaintiffs have the burden of establishing personal jurisdiction over Langnesser. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995).  However, Plaintiffs "need only make a prima facie showing of jurisdiction where, as here, the district court did not hear testimony or make findings of fact." Id.  "In determining whether [Plaintiffs] ha[ve] met [their] burden [of making a prima facie showing], uncontroverted allegations in [Plaintiffs'] [C]omplaint must be taken as true, and 'conflicts between the facts contained in the parties' affidavits must be resolved in [Plaintiffs'] favor . . . .'" Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996) (quoting WNS Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989)).

Whether a nonresident defendant may be subjected to suit in a particular forum depends "upon two inquiries: (1) whether a state

1  statute of the forum confers personal jurisdiction over the
2  nonresident defendant and (2) whether the exercise of jurisdiction
3  accords with federal constitutional principles of due process." <u>Flynt</u>
4  <u>Distrib. Co., Inc. v. Harvey</u>, 734 F.2d 1389, 1392 (9th Cir. 1984).
5  "California's long-arm [statute] permits the exercise of jurisdiction
6  to the limits of due process.  Thus . . . analysis of personal
7  jurisdiction under California's long-arm [statute] and the
8  Constitution collapse into one, and [the Court need only] consider
9  . . . whether the exercise of jurisdiction over [Langnesser] comports
10 with due process."  <u>Glencore Grain Rotterdam B.V. v. Shivnath Rai</u>
11 <u>Harnarain Co.</u>, 284 F.3d 1114, 1123 (9th Cir. 2002) (citing Cal. Civ.
12 Proc. Code § 410.10).
13         "Constitutional due process is satisfied when a non-resident
14 defendant has certain minimum contacts with the forum such that the
15 maintenance of the suit does not offend traditional notions of fair
16 play and substantial justice.  Depending on the nature of a foreign
17 defendant's contacts with the forum, a federal court may obtain either
18 specific or general jurisdiction over him."  <u>Id.</u> (citations and
19 punctuation omitted).  Plaintiffs contend the Court may exercise
20 specific jurisdiction over Langnesser because "she clearly directed
21 her activities toward California and those activities have had a
22 profound effect upon [Plaintiffs] in California."  (Pls.' Opp'n Defs.'
23 Mem. Supp. Mot. ("Opp'n") at 7.)
24         Whether specific jurisdiction exists is determined by a
25 three-part test: "(1) whether the defendant purposefully availed
26 himself of the privileges of conducting activities in the forum, (2)
27 whether the claim arises out of or results from the defendant's
28 forum-related activities, and (3) whether the exercise of jurisdiction

4

is reasonable." <u>Glencore</u>, 284 F.3d at 1123. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." <u>Omeluk v. Langsten Slip & Batbyggeri A/S</u>, 52 F.3d 267, 270 (9th Cir. 1995).

"When an intentional tort claim is asserted, purposeful availment of the privilege of conducting activities in the forum state can be met by the purposeful direction of a foreign act having effect in the forum state." <u>CE Distrib., LLC v. New Sensor Corp.</u>, 380 F.3d 1107, 1111 (9th Cir. 2004). "Th[is] effects test is satisfied if the defendant (1) commits an intentional act; (2) expressly aimed at the foreign state; (3) causing harm in the foreign state that the defendant knew was likely to be suffered in that state." <u>Id.</u> Langnesser argues Plaintiffs cannot establish purposeful availment under the "effects test" since they "offered absolutely no evidence" "to establish . . . Langnesser knew her alleged actions would cause harm in California." (Defs.' Reply Pls.' Opp'n Defs.' Mem. Supp. Mot ("Reply") at 5.) Plaintiffs argue the "effects test" is satisfied because Langnesser "personally directed over 350 shipments of freight into . . . California" and "prevented [Plaintiffs] from acting as a subcontractor on these California freight movements . . . ." (Opp'n at 6-7.)[1]

---

[1] Plaintiffs also seek leave to file a declaration of Scott Brady in response to Langnesser's Reply, arguing the Reply raised arguments not presented in the original motion. Plaintiffs argue the new argument raised in the Reply is that Langnesser was not aware Plaintiffs resided in California and therefore could not have known harm would be caused in California. Langnesser did not raise a new argument in her Reply, rather she merely highlighted Plaintiffs' failure to present evidence on the "effects test." Therefore, Plaintiffs' request for permission to file a sur-reply declaration is denied and Defendants' motion to strike Scott Brady's declaration, which Plaintiffs seek to
(continued...)

5

1        To satisfy the second and third prongs of the "effects
2   test," Plaintiffs must show Langnesser "engaged in wrongful conduct
3   targeted at a [P]laintiff whom [she knew] to be a resident of
4   [California]." Bancroft & Masters, Inc. v. ugusta Nat'l Inc., 223
5   F.3d 1082, 1087 (9th Cir. 2000). Plaintiffs allege Langnesser
6   directed shipments of freight to California using other higher-priced
7   carriers and that she "blackballed" Plaintiffs. These allegations do
8   not establish that Langnesser knew any Plaintiff was a resident of
9   California. Accordingly, Plaintiffs have not shown Langnesser
10  expressly aimed her conduct at California or that she knew harm was
11  likely to be suffered in California because of her conduct.
12  Therefore, Langnesser's motion to dismiss for lack of personal
13  jurisdiction is granted.

14  II.  Motion to Dismiss for Failure to State a Claim

15       AAR moves to dismiss Plaintiffs' UCL claim for failure to
16  state a claim. AAR argues Plaintiffs' UCL claim "improperly seeks the
17  extraterritorial application of a California statute" and should
18  therefore be dismissed. (Defs.' Mem. Supp. Mot. ("Mot.") at 5.)
19  Plaintiffs counter they may assert the claim since they are California
20  residents who were harmed in California as a result of AAR's conduct.

21       The court ruled in Norwest Mortgage, Inc. v. Superior Court,
22  72 Cal. App. 4th 214 (1999), that a UCL claim may be brought by
23  resident plaintiffs regardless of where the alleged misconduct
24  occurred. Norwest, 72 Cal. App. 4th at 222. Similarly, the court in
25  Yu v. Signet Bank/Virginia, 69 Cal. App. 4th 1377 (1999), allowed a
26  claim under the UCL by a California resident who was allegedly harmed

---

[1](...continued)
file as their sur-reply, is granted.

by out-of-state misconduct.  <u>Yu</u>, 69 Cal. App. 4th at 1381-82.  "[R]ead together, <u>Norwest</u> and <u>Yu</u> stand for the proposition that the UCL applies to wrongful conduct that occurs out-of-state but results in injury in California . . . ."  <u>Speyer v. Avis Rent A Car System, Inc.</u>, 415 F. Supp. 2d 1090, 1099 (S.D. Cal. 2005).  Accordingly, the UCL may apply to AAR's out-of-state conduct if it caused injury to Plaintiffs in California.

Plaintiffs aver that as a result of AAR's out-of-state misconduct, "[Plaintiffs] must often return empty (or partially empty) trucks to California," which endangers the "financial health of [Plaintiffs'] California terminals and operations."  (Opp'n at 3, 4.) Plaintiffs' allegations of harm are sufficient to defeat AAR's motion to dismiss for failure to state a claim.

III. <u>Motion to Transfer</u>

AAR argues this action should be transferred to the Western District of Michigan under section 1404(a).  Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The purpose of section 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case by case consideration of convenience and fairness.'"  <u>Stewart Org., Inc. v. RICOH Corp.</u>, 487 U.S. 22, 29 (1988) (quoting <u>Van Dusen</u>, 376 U.S. at 622.). Accordingly, a motion to transfer lies within the broad discretion of

the district court, and must be determined on an individualized basis. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (citing Stewart Org., Inc., 487 U.S. at 29).

When deciding whether to transfer a case under section 1404(a) a district court must weigh several factors, including: "(1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice." L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 499 (C.D. Cal. 1981). Plaintiffs concede this action could have been brought in the Western District of Michigan; therefore, the factors will be weighed to determine whether the Western District of Michigan is a more convenient forum. (Opp'n at 13.)

    A.   Plaintiffs' Choice of Forum

Generally, a plaintiff's choice of forum is given great weight when deciding a motion to transfer. Louf v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). AAR argues since "none of the operative facts [of Plaintiffs' Complaint] occurred within the Eastern District of California, Plaintiff's [sic] choice of forum is entitled to only minimal consideration." (Mot. at 9.) To support their position Defendants cite Ellis v. Hollister, Inc., which states "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter plaintiff's choice is entitled only minimal consideration." Ellis v. Hollister, Inc., 2006 WL 1132377, at *1 (E.D. Cal. April 14, 2006) (quoting Louf, 834 F.2d at 739) (quotation marks omitted). Plaintiffs argue their choice of forum is entitled to "great weight" because "California has a great interest in this litigation." (Opp'n at 14.)

1          AAR's assertion that none of the operative facts occurred in
2  California does not cause the Plaintiffs' choice of forum to be given
3  minimal weight;  AAR must also show that California "has no interest
4  in the parties or the subject matter."  Ellis, 2006 WL 1132377, at *1.
5  AAR has made no argument relating to California's interest in this
6  litigation.  Plaintiffs, on the other hand, argue California does have
7  an interest in this litigation since the Complaint alleges purposeful
8  conduct taken by AAR against Plaintiffs who are located in and conduct
9  business in California. (Opp'n at 14.)  These allegations are
10 sufficient to provide the forum with an interest in the litigation
11 sufficient to justify giving Plaintiffs' choice of forum great weight.
12 Therefore, "[AAR] must make a strong showing of inconvenience [based
13 on the other three factors] to warrant upsetting the [P]laintiff[s']
14 choice of forum."  Decker Coal Co. v. Commonwealth Edison Co., 805
15 F.2d 834, 843 (9th Cir. 1986).
16      B.   Convenience of the Parties
17         AAR argues this factor favors transfer since "[a]ll . . .
18 Defendants reside and do business [in the Western District of
19 Michigan]" and "it would be just as convenient . . . for Plaintiffs to
20 litigate [there]."  (Mot. at 9.)  Plaintiffs contend litigation in
21 Michigan would be inconvenient for them because their "corporate
22 headquarters" is located in California, and their "long-term counsel
23 is located in California" and not admitted to practice law in
24 Michigan.  Plaintiffs also argue "the physical condition and financial
25 strength" of AAR, as compared to Plaintiffs', reveals it would be more
26 burdensome for Plaintiffs to litigate in Michigan than it would be for
27 AAR to litigate in California where "one of its major facilities" is
28 located.  (Opp'n at 15.)

9

1    This factor does not help either side.  The competing
2 forums, the Eastern District of California and the Western District of
3 Michigan, are thousands of miles apart.  For AAR, it is obviously more
4 convenient to litigate in Michigan, and for Plaintiffs, California.
5 Moreover, Plaintiffs and AAR each have a facility in close proximity
6 to the other's preferred forum.  Geography, therefore, is a neutral
7 consideration.
8    Further, Plaintiffs' argument that their long-term counsel
9 will have to seek admission to the Western District of Michigan pro
10 hoc vice is also unhelpful to the balancing analysis.  The convenience
11 of counsel is irrelevant when determining whether to transfer an
12 action under section 1404(a).  <u>In re Volkswagen AG</u>, 371 F.3d 201, 206
13 (5th Cir. 2004); <u>Solomon v. Cont'l Am. Life Ins. Co.</u>, 472 F.2d 1043,
14 1047 (3rd Cir. 1973).
15    Finally, Plaintiffs have not shown that the parties'
16 financial positions are so different that the burden of litigating in
17 a distant forum should be bore by AAR rather than themselves.  In
18 total, the convenience of the parties is a neutral consideration in
19 the balance.
20   C.   <u>Convenience of the Witnesses</u>
21    AAR argues "Plaintiffs' Complaint identifies four
22 significant third-part[ies]" located outside the "subpoena power of
23 this Court" but "within the subpoena power of the United States
24 District Court for the Western District of Michigan."  (Mot. at 10-
25 11.)  AAR contends "[t]he testimony of these [parties] will be
26 critical" to their defense against Plaintiffs' allegations.  (<u>Id.</u> at
27 11.)  "Rather than relying on 'vague generalizations' of inconvenience
28 [to possible witnesses], [AAR] must demonstrate, through affidavits or

10

1  declarations containing admissible evidence, who the key witnesses
2  will be and what their testimony will generally include." Cochran v.
3  NYP Holdings, Inc., 58 F. Supp. 2d 1113, 1119 (C.D. Cal. 1998).  AAR
4  has not met this burden; therefore, this factor does not weigh in
5  favor of transfer.

     D.   The Interests of Justice Factors

7       AAR argues "interest-of-justice factors weigh heavily in
8  favor of transfer" since "access to proofs is more convenient in the
9  Western District of Michigan" where AAR's business records are, the
10 docket of the Western District of Michigan is less congested, and
11 Michigan law will be applied to Plaintiffs' common-law claims.  (Mot.
12 at 11-13.)  Plaintiffs contend the location of business documents is
13 irrelevant to the balance, that court congestion "is not nearly great
14 enough" to justify transfer, and that California, not Michigan law,
15 applies to Plaintiffs' common-law claims.  (Opp'n at 16-18.)

16      The location of documents that may be "sources of proof" is
17 a relevant factor when deciding a motion to transfer.  See Dole Food
18 Co., Inc. v. Watts, 303 F.3d 1104, 1119 (9th Cir. 2002) (stating "ease
19 of access to sources of proof" is a factor to be considered when
20 determining the convenience of an alternative forum).  However,
21 "general allegations that transfer is needed for the ease of obtaining
22 records and books are not enough" to make the factor favor transfer.
23 DeFazio v. Hollister Employee Share Ownership Trust, 406 F. Supp. 2d
24 1085,  1091 (E.D. Cal. 2005).  AAR asserts "relevant records and
25 documents are generated and maintained at their [Cadillac, Michigan]
26 headquarters . . . [,]" but do not explain "how they might suffer
27 hardship or prejudice by having to defend this action in this

1 district." Id.  Therefore, AAR has not shown that the location of
2 "sources of proof" favors transfer.
3        "Court congestion" is also a relevant factor when deciding a
4 motion to transfer.  See Dole Food Co., Inc., 303 F.3d at 1119.
5 Plaintiffs acknowledge the docket of this district is more congested
6 than the docket of the Western District of Michigan, and concede that
7 this factor "slightly favors" transfer.  (Opp'n at 17.)
8        The determination of the law applicable to Plaintiffs'
9 common law claims requires analysis under California's choice of law
10 provisions.  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 243 n.8
11 (1981).  But the Court need not determine what law applies here.
12 Even, assuming Michigan law applies to Plaintiffs' common law claims,
13 California law will still govern Plaintiffs' claim for violation of
14 California's Business and Professions Code.  Therefore, the Western
15 District of Michigan would have to apply California law if the action
16 is transferred, and this Court may or may not have to apply Michigan
17 law if the action is not transferred.  Since Claifornia law will
18 govern at least one of Plaintiffs' claims, this factor does not favor
19 transfer.
20         For the stated reasons, AAR has not established that this
21 action should be transferred to the Western District of Michigan.
22 Accordingly, AAR's motion to transfer is denied.

### CONCLUSION

24        In conclusion, Langnesser's motion to dismiss for lack of
25 personal jurisdiction is granted, AAR's motion to dismiss Plaintiffs'
26 /////
27 /////
28 /////

1  UCL claim for failure to state a claim is denied, and AAR's motion to
2  transfer this action is denied.
3          IT IS SO ORDERED.
4  Dated:  July 27, 2006

                                    /s/ Garland E. Burrell, Jr.
                                    GARLAND E. BURRELL, JR.
                                    United States District Judge