IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| READY TRANSPORTATION, INC., et al., ) | |
| ) | 2:06-cv-1053-GEB-KJM |
| Plaintiffs, ) | |
| ) | |
| v.    ) | ORDER[*] |
| ) | |
| AAR MANUFACTURING, INC.; AAR ) | |
| MOBILITY SYSTEMS; DEFENSE CONTRACT ) | |
| MANAGEMENT AGENCY; DEPARTMENT OF ) | |
| DEFENSE, ) | |
| ) | |
| Defendants. ) | |

Plaintiffs move for leave to amend their Complaint to add an additional paragraph clarifying their third claim against Defendants AAR Manufacturing and AAR Mobility Systems ("AAR").[1] AAR opposes the motion. Defendants Defense Contract Management Agency ("DCMA") and the Department of Defense (collectively, "Government") move for dismissal, or summary judgment, on Plaintiffs' first claim, arguing, inter alia, Plaintiffs have failed to sufficiently state a claim under

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] Although both parties continue to reference Jeanne Langnesser as an additional Defendant, she was dismissed on July 28, 2006. (Order, July 28, 2006 at 12.)

1

the Administrative Procedures Act ("APA").  Plaintiffs oppose this motion.

## FACTUAL ALLEGATIONS

Plaintiffs are a group of businesses that have hauled freight for the U.S. government since 1990. (Pls.' Compl. ¶ 15.) AAR makes and sells shipping containers to the military. (Id. ¶ 9.) Under an agreement between AAR and DCMA, AAR selects the carriers who transport the containers, and is required to select the "best value" carrier pursuant to the guidelines established by the Surface Deployment and Distribution Command. (Id. ¶ 16.) DCMA is responsible for ensuring these guidelines are followed. (Id. ¶¶ 17, 29.)

Plaintiffs allege AAR selected higher priced carriers than Plaintiffs to haul the freight even though Plaintiffs were available. (Id. ¶ 19.) Plaintiffs further allege that many of these higher priced carriers used to subcontract the work to Plaintiffs, but Plaintiffs have not received any of this business for the past two years because AAR has "blackballed" Plaintiffs. (Id.)

I. Motion to Amend

Plaintiffs seek to amend their Complaint under Federal Rule of Civil Procedure 15(a) "to clarify the nature of damages that Plaintiffs will seek at trial in regard to [their claim for interference with prospective economic advantage]," arguing that "[Rule] 15(a) provides that leave to file an amendment such as the one at issue 'shall be freely given when justice so requires.'"[2] (Pls.' Mot. at 2:6-7, 8:21-23.) AAR counters that Rule 16's good cause standard applies and Plaintiffs "[do] not come close to meeting the

---

[2] All references to "Rules" are to the Federal Rules of Civil Procedure.

required good cause standard set forth in this Court's [S]cheduling [O]rder." (Defs.' Opp'n at 7:8-10.) Plaintiffs rejoin "[t]he Scheduling Order [cannot] impose a greater burden beyond those set forth in Rule 15" because "local rules must be harmonized with the national uniform rules." (Pls.' Reply at 18:19, 19:4-5.)

A Rule 16 Scheduling Order issued on August 16, 2006. (Order, Aug. 16, 2006.) This order contains a provision prescribing "[n]o further service, joinder of parties or amendments to pleadings is permitted, except with leave of Court, good cause having been shown." (Id. at 1.) Plaintiffs filed their motion to amend the Complaint on June 14, 2007. (Pls.' Mot. at 1.)

Plaintiffs' argument that the "good cause" standard prescribed in the referenced provision of the Scheduling Order impermissibly relies on a local rule lacks merit. The authority for the provision is Rule 16, which provides that a pretrial Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16 (emphasis added). Since Plaintiffs have not satisfied this standard, their motion is denied.

II.  Motion for Summary Judgment

A.  Standard

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] complete failure of proof concerning an essential element of the nonmoving party's case

1  necessarily renders all other facts immaterial." Id. at 323.
2  Therefore, "[t]he moving party is entitled to a judgment as a matter
3  of law because the nonmoving party has failed to make a sufficient
4  showing on an essential element of [their] case with respect to which
5  [they] ha[ve] the burden of proof." Id.
6     B. Analysis
7       The Government seeks summary judgment on Plaintiffs' first
8  claim for declaratory and injunctive relief. Plaintiffs allege in
9  this claim that DCMA failed to enforce AAR's compliance with the "best
10 value" regulations. (Pls.' Compl. ¶¶ 28-33.) The Government argues
11 the claim fails since Plaintiffs "[do] not cite any discrete action
12 that DCMA has failed to take regarding a specific shipping contract"
13 as required by the APA. (Gov.'s Mot. at 14:9-10.) Plaintiffs rejoin
14 this argument "is wholly without merit" because DCMA failed to ensure
15 AAR's compliance with specific regulations requiring AAR to choose the
16 "low cost response carrier." (Pls.' Opp'n at 14:26-28, 18:3-16.)
17      The APA provides that "[t]he reviewing court shall compel
18 agency action unlawfully withheld or unreasonably delayed." 5 U.S.C.
19 § 706(a)(1). However, "a claim under [5 U.S.C.] § 706(1) can proceed
20 only where [Plaintiffs] assert[] that an agency failed to take a
21 discrete agency action that it is required to take." Norton v. S.
22 Utah Wilderness Alliance, 542 U.S. 55, 64 (2004). Alleging "[g]eneral
23 deficiencies in compliance" with the regulations is insufficient to
24 state a claim under the APA because this "lack[s] the specificity
25 requisite." Id. at 66.
26      Plaintiffs do not provide evidence of any specific failure
27 by the Government. Rather, the evidence Plaintiffs submit shows DCMA
28 took steps to require AAR to comply with the applicable regulations.

4

1  (Riley Decl., Ex. F at 1.)  Plaintiffs bear the burden of presenting
2  evidence sufficient to establish each element of their claims against
3  the Government.  See Celotex, 477 U.S. at 322.  Since Plaintiffs have
4  failed to present any evidence of a specific failure by the
5  Government, the Government's summary judgment motion is granted on
6  Plaintiffs' first claim, which is the only claim against the
7  Government in this action.

## CONCLUSION

For the stated reasons, Plaintiffs' motion to amend their Complaint is denied and the Government's motion for summary judgment is granted.

IT IS SO ORDERED.

Dated:  August 17, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge