IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

READY TRANSPORT, INC., a Texas )
corporation, AVAILABLE SHIPPERS, )
INC., a Texas corporation, )
PREFERRED SHIPPERS, INC., a Nevada )
corporation, PROMPT SHIPPERS, INC.,)
a Texas corporation and QUICK )
TRANSPORTATION, INC., a Nevada )
corporation, )
                                               )                2:06-cv-1053-GEB
                Plaintiffs, )
                                               )
              v. )                ORDER[*]
                                               )
AAR MANUFACTURING, INC., a )
California corporation, AAR )
MOBILITY SYSTEMS, a corporation of )
unknown citizenship, )
                                               )
                Defendants. )
_____)

         Defendants move for dismissal of Plaintiffs' Complaint under Federal Rules of Civil Procedure[1] 12(b)(6), arguing that it fails to state a claim upon which relief may be granted; for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction; and, alternatively, for summary judgment under Rule 56(b). (Def.s' Mot. at 1.) Plaintiffs oppose the motions. (Plt.s' Opp'n at 1.) For the reasons stated below, each motion is denied.

---

     [*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

     [1] Unless otherwise indicated, all references to Rules are to the Federal Rules of Civil Procedure.

1

I. Factual Allegations

  Plaintiffs are a group of businesses that have hauled freight for the Federal Government since 1990. (Pls.' Compl. ¶ 15.) AAR makes shipping containers and sells them to the military. (Id. ¶ 9.) Under an agreement between AAR and the United States, AAR selects the carriers who transport the containers, and is required to select the "best value" carrier pursuant to the guidelines established by the Surface Deployment and Distribution Command. (Id. ¶ 16.) Plaintiffs allege AAR selected higher priced carriers than Plaintiffs to haul the freight even though Plaintiffs were available. (Id. ¶ 19.) Plaintiffs further allege that many of these higher priced carriers used to subcontract the work to Plaintiffs, but Plaintiffs have not received any of this business for the past two years because AAR has "blackballed" Plaintiffs. (Id. ¶ 20.)

II. Rule 12(b)(1) Motion

  Defendants argue dismissal is appropriate under Rule 12(b)(1) since Plaintiffs' rely on the Competition in Contracting Act ("CICA") 31 U.S.C. § 3551 et seq. as the basis for federal jurisdiction; but, Plaintiffs lack standing under this Act; and CICA claims may only be brought in the United States Court of Claims. (Def.s' Mot. at 14:10-23.) Plaintiffs argue in their Opposition that the CICA has no bearing on this case. (Pls.' Opp'n at 10:10.)

  Dismissal under Rule 12(b)(1) is appropriate when there is a "lack of subject matter jurisdiction." Plaintiffs assert three claims against AAR Manufacturing, Inc. and AAR Mobility Systems, all based on state law: intentional interference with contractual relations, intentional interference with prospective economic advantage, and unlawful business practice under California Business and Professional

1  Code § 17200 et seq.  (Pls.' Compl. ¶¶ 34-48.)  Plaintiffs asserted in
2  their Complaint that "[j]urisdiction of the action against the private
3  defendants is appropriate under 28 U.S.C. §1332(a)(2) in that this
4  action is between citizens of different states and the damages
5  attributable to the causes of action complained of herein in this
6  complaint are in excess of $75,000 (diversity of citizenship)."
7  (Pls.' Compl. at 4:23-26.)

8  Because none of Plaintiffs' claims are asserted under the
9  Competition in Contracting Act,[2] Plaintiffs' standing to sue under
10 that act is immaterial and the issue whether such an action needs to
11 be brought in the United States Court of Claims need not be decided.

12 Diversity jurisdiction under 28 U.S.C. § 1332, "requires
13 that the parties be in complete diversity and the amount in
14 controversy exceed $75,000."  Matheson v. Progressive Specialty Ins.
15 Co., 319 F.3d 1089, 1090 (9th Cir. 2003).  "(A) corporation shall be
16 deemed a citizen of any State by which it has been incorporated and of
17 the State where it has its principal place of business."  28 U.S.C. §
18 1332(c)(1).  A corporation's principal place of business may be
19 determined by a "place of operations" test which finds a corporation's
20 principal place of business is located in the state containing a
21 substantial predominance of corporate operations.  Hohlbein v. Quanta

---

23  [2]  Plaintiffs' tort claims relate to AAR's alleged interference
with subcontracts between Plaintiffs and other freight carriers.  And
24 Plaintiffs' California Business and Professional Code claim is an
independent cause of action addressing activity unlawful under federal
25 laws.  Cf. Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc., 178 F.
Supp.2d 1099, 1120 (C.D. Cal. 2004)(holding Defendant's violation of
26 Federal Drug Administration regulations is a viable claim under
California Business and Professional Code § 17200.  "The 'unlawful'
27 practices prohibited by section 17200 are any practices forbidden by
law, be it civil or criminal, federal, state or municipal, statutory,
28 regulatory, or court-made.")

3

U.S. Holdings, Inc., 2007 WL 1526766, at *2 (E.D. Cal. May 24, 2007.) If a corporation's activities are not concentrated in one state, then the "nerve center" test is used to determine where the Corporation's principal place of business is by deciding where the majority of the corporation's executive and administrative functions are performed. Id.; See also Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 500 (9th Cir. 1990).

Plaintiffs' assert in their Complaint an amount in controversy exceeding $75,000, which satisfies the amount in controversy requirement. (Pls.' Compl. at 4:23-26.) See St. Paul Mercury Indem. Co. v. Red Cab Co., U.S. 283, 289 (1938) (amount in controversy determined from the pleadings). The complete diversity requirement is also satisfied because, contrary to Plaintiffs' assertion,[3] no Defendant is a citizen of California. Defendant AAR Mobility Systems is an unincorporated division of Defendant AAR Manufacturing, Inc. and is therefore not a separate entity for jurisdictional purposes. Breitman v. May Co. Cal., 37 F.3d 562, 564 (9th Cir. 1994); (Krantz Decl. at ¶ 3.) Accordingly, only the citizenship of AAR Manufacturing is considered when determining whether complete diversity exists. AAR Manufacturing is incorporated under the laws of the State of Illinois and is thus a citizen of the State of Illinois. (Krantz Decl. at ¶ 2.) Approximately seventy-five percent of AAR Manufacturing's total sales are generated in two facilities in Michigan, which is where it also employs seventy-five

---

[3] Plaintiffs contend, that "[d]uring the preparation of this case, facts have come to light that raise questions regarding diversity jurisdiction," specifically, the principle place of business for Plaintiffs, the Ready Group of companies, is Stockton, California and Defendant AAR may have a principle place of business in Sacramento California. (Pls.' Opp'n at 2:4-14.)

4

percent of its workforce. Id. at ¶ 5. Thus, under the place of operations test, AAR Manufacturing's principle place of business is in Michigan. The majority of AAR Manufacturing's executive and administrative functions are preformed in Illinois, making its principal place of business Illinois under a nerve center test. Id. at ¶ 2. Since AAR Manufacturing is a citizen of Illinois, and has a principal place of business in either Illinois or Michigan, it is not a citizen of California.

For the stated reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

IV. Motion for Summary Judgment

Defendants also seek summary judgment. (Def.s' Mot. at 1 n.1.) Defendants, however, have failed to include a Statement of Undisputed Facts as required by Local Rule 56-260 in support of their motion for summary judgment. Therefore, the motion for summary judgment is denied for failure to comply with Local Rule 56-260. See Runquist v. Woodford, 2007 WL 926817, at *1 (E.D. Cal. March 26, 2007).

V.  Preemption of State Law Claims

Defendants also seek dismissal of Plaintiffs' claims under Rule 12(b)(6) arguing that Plaintiffs' state law claims are preempted by federal law and therefore fail to state a claim upon which relief may be granted. (Def.s' Mot. at 15:18-24.)

When considering a Rule 12(b)(6) dismissal motion, all material allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). This means the plaintiff is

given the benefit of every reasonable inference that can be drawn from well-pleaded allegations in the complaint. <u>Retail Clerks Int'l Ass'n v. Shermahorn</u>, 373 U.S. 746, 753 n.6 (1963).

Courts routinely recognize a presumption against federal preemption of state law.

> In determining whether a federal statute preempts state law, our sole task is to ascertain the intent of Congress. . . . We must begin with the presumption that Congress did not intend to preempt state law. . . . If we have any doubt about congressional intent, we are to err on the side of caution, finding no preemption, "for the state is powerless to remove the ill effects of our decision, while the national government, which has the ultimate power, remains free to remove the burden.

<u>Malabed v. N. Slope Borough</u>, 335 F.3d 864, 869 (9th Cir. 2003) (quoting <u>Beveridge v. Lewis</u>, 939 F.2d 859, 863 (9th Cir. 1991)) (other internal citations omitted).

Defendants cite no authority for how Congressional intent is determined in preemption cases, and provide no evidence of Congressional intent to preempt the state laws at issue here. Defendants rely solely on <u>Boyle v. United Tech. Corp.</u>, 487 U.S. 500 (1988), which they cite for the proposition that "[w]here, as here, the federal interest requires uniform rules, the entire body of state law applicable to the area conflicts and is replaced by federal rules." (Def.s' Mot. at 15:25-28) (citing <u>Boyle</u>, 487 U.S. at 508.) But the <u>Boyle</u> decision was **not** based on a federal interest principle promoting uniform federal rules. Rather, the <u>Boyle</u> Court found that the state law at issue presented "a significant conflict" with federal policy because

> the state-imposed duty of care that is the asserted basis of the contractor's liability (specifically the duty to equip helicopters with the sort of escape-hatch mechanism petitioner claims was necessary) is

precisely contrary to the duty imposed by the Government contract (the duty to manufacture and deliver helicopters with the sort of escape-hatch mechanism shown by the [Government's] specifications). Id. at 509, 512.  Accordingly, Defendants' conclusory arguments do not overcome the presumption against federal preemption of state law.

Defendants also argue that "the Federal Tort Claims Act specifically forecloses claims 'arising out of . . . interference with contract rights'"(Def.s' Mot. at 15:3-5, 16:6-7 (citing 28 U.S.C. § 2680(h))), and that "claims to either retrieve or redirect the U.S. government's money can only be filed in the U.S. Court of Federal Claims pursuant to the Tucker Act."  Id. at 15:28-16:1-2 (citing 28 U.S.C. § 1491).  Both of these arguments fail because none of Plaintiffs' claims are against the United States.  The Tucker Act only applies to claims "against the United States" 28 U.S.C. § 1346(a)(2) and the Federal Torts Claim Act is a limited waiver of sovereign immunity for tort claims against the United States.  28 U.S.C. § 2674. Accordingly, these Acts do not bar Plaintiffs' claims.[4]

VI. AAR's Immunity under the Government Contractor Defense.

Defendants argue that since the Federal Tort Claims Act does not waive the United States' sovereign immunity for claims arising out of interference with a government contract, "immunity in this context should also flow to AAR. . . ."  (Def.s' Mot. at 17:8-11.)  To support their immunity argument, Defendants rely solely on the Supreme Court's decision in Boyle, 487 U.S. at 511 (and one other case citing Boyle). (Def.s' Mot. at 17:4-25 (citing Koohi v. United States, 976 F.2d 1328, 1337 (9th Cir. 1992)).)  This authority, however, does not support

---

[4] In their Reply, Defendants argue that Plaintiffs' claims are moot.  (Def.s' Reply at 3:9-10.)  However, the "[c]ourt[] decline[s] to consider arguments that are raised for the first time in reply." Steward v. Wachowski, 2004 WL 2980783, at *11 (C.D. Cal. Dec. 16, 2004).

1 | Defendants' position.  Therefore, Defendants' motion to dismiss on
2 | this ground is denied.
3 | <u>VII. Summary</u>
4 | For the reasons stated, Defendants' motions are denied.
5 | IT IS SO ORDERED.
6 | Dated:  December 4, 2007

GARLAND E. BURRELL, JR.
United States District Judge