IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
READY TRANSPORT, INC., a Texas      )
corporation, AVAILABLE SHIPPERS,    )
INC., a Texas corporation,          )
PREFERRED SHIPPERS, INC., a Nevada  )
corporation, PROMPT SHIPPERS, INC., )
a Texas corporation and QUICK       )
TRANSPORTATION, INC., a Nevada      )
corporation,                        )
                                    )    2:06-cv-1053-GEB
             Plaintiffs,            )
                                    )
      v.                            )    ORDER*
                                    )
AAR MANUFACTURING, INC., a          )
California corporation, AAR         )
MOBILITY SYSTEMS, a corporation of  )
unknown citizenship,                )
                                    )
             Defendants.            )
_____)
```

On May 22, 2008, Defendants filed a motion in which they seek to have docket entry number 92 stricken and removed from the public record, and an award of attorneys' fees and costs incurred in bringing this motion. (Mot. at 4:4-11.) For the reasons that follow, the motion is denied.

---

\* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1		Docket entry number 92 is the parties' settlement agreement,
2	which Plaintiffs have filed.  Plaintiffs had previously requested to
3	file the parties' settlement agreement under seal.  That request was
4	denied in an order filed May 20, 2008, since Plaintiffs failed to
5	provide "sufficient justification that the settlement agreement should
6	be filed under seal."  (Order at 2:13-14, Dkt. No. 90.)  The May 20,
7	2008 Order directed the Clerk of Court to return the settlement
8	agreement to Plaintiffs' counsel.  Subsequently, on May 23, 2008,
9	Plaintiffs filed the settlement agreement on the public docket stating
10	this filing was Plaintiffs' "attempt to comply with the Court's May
11	20, 2008 Order . . . ."  (Notice of Filing Settlement Agreement, Dkt.
12	No. 92.)  However, nothing in the Court's May 20, 2008 Order required
13	Plaintiffs to file the settlement agreement.
14		Defendants argue in their motion to strike docket entry 92:
15		Ignoring . . . Defendants' oral and written
		objections, and in direct violation of the express
16		terms of the parties' confidential Settlement
		Agreement, Plaintiffs improperly, and in bad
17		faith, filed the parties' confidential Settlement
		Agreement as a public document.  Plaintiffs'
18		sanctionable conduct should not be condoned by
		this Court, nor should the Court allow Plaintiffs
19		to use the civil litigation system to undermine
		the strong public interest in favor of the
20		enforcement of contracts and the protection of
		private agreements.
21
22	(Mot. at 3:8-15.)
23		But, as previously stated in the May 20, 2008 Order, the
24	Court "was not told that the parties had a confidential settlement
25	agreement" that they expected the Court to enforce when the Court
26	agreed to dismiss this action with prejudice pursuant to the parties'
27	stipulation, and the Court is not bound by the parties'
28	confidentiality provision of their settlement agreement.  (Order, May

2

20, 2008.)  Nor was jurisdiction retained over the parties' settlement agreement when this action was dismissed.  Jurisdiction was retained "solely for the purpose of hearing and ruling upon Plaintiffs' application re legal entitlement to attorney's fees . . . ."  (Order, Feb. 26, 2008.)  Since the parties' dispute over docket entry 92 regards the confidentiality of the settlement agreement, it is outside the scope of the retained jurisdiction.  Therefore, Defendants' motion is denied.

IT IS SO ORDERED.

Dated:  May 29, 2008

GARLAND E. BURRELL, JR.
United States District Judge

3